RECORD NO. 15-4055

In The

# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## JESUS ZAVALA, a/k/a Jesus Zavola, a/k/a Jesus Carnegro Zavalia, a/k/a Chico Zavala, a/k/a Antonio Esparaza, a/k/a Jesus Carnegro Zavala,

*Defendant – Appellant*.

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE

—————————

### BRIEF OF APPELLANT

—————————

ROSS HALL RICHARDSON,
EXECUTIVE DIRECTOR
FEDERAL DEFENDERS OF
   WESTERN NORTH CAROLINA, INC.

Ann L. Hester
FEDERAL DEFENDERS OF
   WESTERN NORTH CAROLINA, INC.
129 West Trade Street, Suite 300
Charlotte, North Carolina  28202
(704) 374-0720

*Counsel for Appellant*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION ...............................................................................................1

JURISDICTIONAL STATEMENT .....................................................................1

STATEMENT OF THE ISSUE...........................................................................1

STATEMENT OF THE CASE.............................................................................2

     I.     The Offense Conduct And Charges ....................................................2

     II.    PSR Recommendations .......................................................................3

     III.   The Sentencing Hearing ......................................................................3

SUMMARY OF ARGUMENT .............................................................................6

ARGUMENT ........................................................................................................6

     The district court made a reversible, procedural sentencing error when
     it sentenced Jesus Zavala to a term of 48 months' imprisonment,
     above the low end of the Guideline range, without acknowledging or
     addressing his arguments in mitigation ............................................................6

     I.     Standard Of Review ............................................................................6

     II.    The disstrict court committed procedural sentencing error by
          failing to address Zavala's non-frivolous argument in mitigation........7

CONCLUSION ...................................................................................................10

REQUEST FOR ORAL ARGUMENT ...............................................................10

CERTIFICATE OF COMPLIANCE

CERTFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Gall v. United States*,
    552 U.S. 38 (2007)............................................................1, 7, 8

*Rita v. United States*,
    551 U.S. 338 (2007)............................................................7, 8

*United States v. Booker*,
    543 U.S. 220 (2005)............................................................1

*United States v. Boulware*,
    604 F.3d 832 (4th Cir. 2010) ............................................10

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ............................................8

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ............................................6, 7, 8, 9

*United States v. Miranda*,
    505 F.3d 785 (7th Cir. 2007) ............................................8

*United States v. Schroeder*,
    536 F.3d 746 (7th Cir. 2008) ............................................8

*United States v. Thompson*,
    595 F.3d 544 (4th Cir. 2010) ............................................9

## STATUTES

8 U.S.C. § 1326(a) ............................................................1, 2

8 U.S.C. § 1326(b)(2)............................................................1, 2

18 U.S.C. § 3231 ............................................................1

18 U.S.C. § 3553(c) ...........................................................................................7

18 U.S.C. § 3742 ...............................................................................................1

28 U.S.C. § 1291 ...............................................................................................1

**GUIDELINES**

U.S.S.G. § 2L1.2(a)...........................................................................................3

U.S.S.G. § 2L1.2(b)(1)(A)(ii) ...........................................................................3

## INTRODUCTION

In *Gall v. United States*, 552 U.S. 38, 51 (2007), the Supreme Court established several procedural requirements that district courts must follow when imposing sentence after *United States v. Booker*, 543 U.S. 220 (2005). In determining Jesus Zavala's sentence and rejecting his request for a low-end sentence, the district court ran afoul of one of those requirements: the court failed to adequately address Zavala's non-frivolous arguments for a low-end sentence. This error requires reversal and a new sentencing hearing.

## JURISDICTIONAL STATEMENT

Jesus Zavala appeals from a judgment entered on January 21, 2015, in the United States District Court for the Western District of North Carolina. JA 59. He timely filed a notice of appeal on January 28, 2015. JA 65. This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. The district court had jurisdiction under 18 U.S.C. § 3231 and 8 U.S.C. § 1326(a) and (b)(2).

## STATEMENT OF THE ISSUE

Whether the district court made a reversible, procedural sentencing error when it sentenced Zavala to 48 months' imprisonment, above the low-end sentence Zavala requested, without considering his arguments in mitigation.

## **STATEMENT OF THE CASE**

### I.     **The Offense Conduct And Charges**

Zavala, a citizen of Mexico, originally entered the United States in 1984. JA 69. He received temporary resident status in 1987 and permanent resident status as an agricultural worker in 1990. *Id.* On March 11, 2000, he was deported to Mexico as the result of a June 23, 1993, conviction in North Carolina of three counts of assault with a deadly weapon with intent to kill inflicting serious injury, for which he was incarcerated until his deportation. *Id.*

Zavala returned to the United States in 2001, was deported on July 8, 2010, and again returned to the United States. JA 69-70. The charges in this case arose from his August 17, 2013, arrest in North Carolina for drug possession. JA 70. Zavala was 51 years old at the time of his arrest. JA 74.

On June 5, 2012, the grand jury charged Zavala with a single count of illegally re-entering the United States after having been deported subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). JA 7.

On January 3, 2014, Zavala pleaded guilty without a plea agreement. JA 17-26.

## II.    PSR Recommendations

Before the district court sentenced Zavala, the probation officer submitted a final Presentence Investigation Report (PSR) to the court on September 8, 2014. JA 67. The PSR recommended a base offense level of 8 under U.S.S.G. § 2L1.2(a), a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) "[s]ince the defendant was previously deported after a conviction for a crime of violence," a 3-level reduction for acceptance of responsibility, and a total offense level of 21. JA 70-71. The PSR calculated a criminal history score of 4, resulting in a criminal history category of III and a recommended a Guidelines sentencing range of 46 to 57 months' imprisonment. JA 74, 76. Neither party objected to the PSR's calculations.

## III.    The Sentencing Hearing

The district court held a sentencing hearing on January 16, 2015, where it found a factual basis for Zavala's plea and confirmed the magistrate judge's acceptance of his guilty plea. JA 43. The court accepted the PSR as written, finding a total offense level of 21, a criminal history category of III, and a Guideline sentencing range of 46 to 57 months. JA 44-45.

Zavala made several arguments in support of a low-end sentence. JA 45-48. First, defense counsel explained that Zavala was granted legal status as a farm worker about 25 years ago and remained legal until "he got involved in a situation in which he was deported." JA 45.

Defense counsel also informed the court that before Zavala was deported the first time, he fell in love with and married a woman who is 20 years older than he is. JA 45-46. Although they divorced because of the prison sentence he served for the incident that resulted in his deportation, he continued to have a relationship with her after their divorce. JA 45. He has lived with his ex-wife for the past several years, and "[s]he's had a lot of health issues, . . . he was very instrumental in making sure that she stayed healthy," and her health deteriorated after he was taken into custody. JA 46. He also took care of his ex-wife's mother, who was in her nineties, by making "sure that this woman got to where she needed to go for appointments," got her medication, and was able to live at home rather than living in a nursing home. *Id.* While Zavala was caring for his ex-wife and her mother, he also was taking care of other elderly people in the community where he lived by helping them as a handyman and providing transportation. JA 46-47.

When Zavala spoke on his own behalf, told the court that he loves his family in the United States and that his home in Mexico is a violent place where there are "mean people." JA 51.

The government asked the court to consider Zavala's previous assault convictions that led to his original deportation, as well as the fact that he had two prior deportations. JA 48-49. Other than asking for a within-Guidelines sentence, the government did not request a specific sentence. *Id.*

4

The court sentenced Zavala to 48 months' imprisonment, which "is near the low end of the guideline range, even though not at the low end." JA 52. The court gave the following reasons for its sentence. First, it observed that illegal reentry, "particularly with regard to those who have been convicted of violent crimes . . . is a problem both in terms of the seriousness of the offense and the danger that it causes, as well as the fact that it flouts the law." JA 53. Then, court specifically considered the government's two arguments. It concluded that the seriousness of Zavala's prior conviction was already taken into account "with regard to the formulation of the guideline range." *Id.* But the court found that Zavala's two prior deportations "reflect[ ] a certain disrespect for the law that warrants a sentence that is higher than the low end of the guideline range," although the court found mitigating that one return was thirteen years ago and that Zavala was in the country legally at one point. JA 53-54.

The court never acknowledged Zavala's main argument in mitigation: that for the past several years, he has been providing assistance to his ailing ex-wife and her elderly mother, as well as to other elderly people in his community. Nor did it acknowledge Zavala's explanation that he returned to the United States because he loves his family and his home in Mexico is a violent place.

The court entered judgment on January 21, 2015, JA 59, and Zavala appealed on January 28, 2015. JA 65.

## SUMMARY OF ARGUMENT

Zavala made non-frivolous arguments in support of his request for a low-end sentence, which the court never acknowledged or addressed. Under *United States v. Lynn*, 592 F.3d 572, 581 (4th Cir. 2010), the court's failure to address Zavala's arguments amounts to significant procedural error. The government cannot demonstrate that the error is harmless. Consequently, this error requires reversal.

## ARGUMENT

**The district court made a reversible, procedural sentencing error when it sentenced Jesus Zavala to a term of 48 months' imprisonment, above the low end of the Guideline range, without acknowledging or addressing his arguments in mitigation.**

### I.     Standard Of Review

When an appellant raises on appeal an objection that the sentencing court "committed reversible procedural error by failing to . . . offer an adequate explanation for the sentence imposed," this Court reviews "for abuse of discretion." *Lynn*, 592 F.3d at 575. Review for abuse of discretion consists of two inquiries: first, whether the district court committed any significant procedural error and, second, whether the sentence imposed is substantively unreasonable. *Id.* This case presents a question of procedural error.

**II.    The district court committed procedural sentencing error by failing to address Zavala's non-frivolous argument in mitigation.**

A district court commits a "significant procedural error" in sentencing by:

- "failing to calculate (or improperly calculating) the Guidelines range,"
- "treating the Guidelines as mandatory,"
- "failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors,"
- "selecting a sentence based on clearly erroneous facts," or
- "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."

*Id.* (quoting *Gall*, 552 U.S. at 51).

When sentencing a defendant, a district court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c) (West 2013). The detail of the required explanation depends on the particular circumstances of the case, but "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). An adequate explanation is necessary "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. Adequately explaining a sentence requires the court, for "*every* sentence," to "'place on the record an "individualized assessment" based on the particular facts of the case before it.'" *Lynn*, 592 F.3d at 576 (quoting

*United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50)).

In making an "individualized assessment," the court must address a defendant's "'nonfrivolous reasons for imposing a different sentence.'" *Id.* at 581 (quoting *Rita*, 551 U.S. at 357). While a "district court may pass over in silence frivolous arguments for leniency . . . where a defendant presents an argument that is 'not so weak as not to merit discussion,' a court is required to explain its reason for rejecting that argument." *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008) (quoting *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007)).

Here, Zavala presented a nonfrivolous argument for a low-end sentence of 46 months. Defense counsel explained that after Zavala returned to the United States, he had been living peacefully with his ailing ex-wife and taking care of her and her elderly mother, as well as taking care of other elderly people in the community by doing handyman and yard work as well as providing transportation. JA 46-48. Zavala himself told the court that he loved his ex-wife. JA 50. He also explained that his home in Mexico was a violent place. JA 51. The district court did not acknowledge or address these arguments.

These arguments are at least as compelling as the unaddressed arguments in *United States v. Lynn* that led to a reversal in that case. In *Lynn*, the defendant sought a downward variance, contending that his criminal history barely qualified

8

him as a career offender; that he had never served more than two and a half years in prison before this offense; that he was merely a courier, not a kingpin, and had only been paid $1000 for committing the charged offense; and that a within-Guidelines sentence would create unwarranted sentencing disparities between state and federal sentences. 592 F.3d at 583. This Court concluded that these arguments were "nonfrivolous" and that the district court was required to make clear that it considered them before sentencing Lynn. *Id.* at 585.

Like the defendant's arguments in *Lynn*, Zavala's arguments were "nonfrivolous." He explained his motivation for returning to the United States—to escape a violent area and to return to the woman he loves. He also explained that he has been devoting himself to helping his ex-wife and her mother, as well as other elderly people in the community, since his return. Both of these are nonfrivolous reasons for imposing a low-end sentence.

The district court's inadequate explanation is a significant procedural error and is not harmless. As in *Lynn*, given the strength of Zavala's mitigation argument, the government cannot demonstrate "that the district court's explicit consideration of [Zavala's] arguments would not have affected the sentence imposed." *Id.* at 585; *see also United States v. Thompson*, 595 F.3d 544 (4th Cir. 2010) (if district court had "explicitly considered Thompson's non-frivolous argument that he deserved leniency because he had completed nearly all of his

supervised release without incident, it could conceivably have given him a lower sentence"); *cf. United States v. Boulware*, 604 F.3d 832, 839-40 (4th Cir. 2010) (procedural error in failing to respond to mitigation arguments was harmless where only argument for below-Guidelines sentence was that sentence would "negatively impact several other people," a "not atypical" situation). The district court's failure to adequately explain its sentence requires reversal and a new sentencing hearing.

## CONCLUSION

This Court should vacate Jesus Zavala's sentence and remand his case to the district court for re-sentencing.

## REQUEST FOR ORAL ARGUMENT

Zavala respectfully requests oral argument, because this case presents significant issues regarding the procedural unreasonableness of his sentence.

DATED this 24th day of March, 2015.

Respectfully submitted,

Ross Hall Richardson,
Executive Director
Federal Defenders of
Western North Carolina, Inc.

/s/Ann L. Hester
Ann L. Hester
Assistant Federal Defender
129 W. Trade St., Suite 300
Charlotte, NC 28202
(704) 374-0720

ATTORNEYS FOR APPELLANT JESUS ZAVALA

<u>**CERTIFICATE OF COMPLIANCE**</u>

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,171*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>March 24, 2015</u>            <u>/s/ Ann L. Hester</u>
                                        *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 24th day of March, 2015 I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina 28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 24th day of March, 2015, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Ann L. Hester
*Counsel for Appellant*